IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BREWTON IRON WORKS,     :
INC.,

                       :

     Plaintiff,

                       :

vs.                         CA 09-0666-CG-C

                       :

CONTINENTAL CASUALTY
COMPANY,            :

     Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the removal petition (Doc. 1), plaintiff's motion to remand (Doc. 7), the defendant's response in opposition to the remand motion (Doc.11), and plaintiff's reply (Doc. 12). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the motion to remand and **REMAND** this case to the Circuit Court of Mobile County, Alabama from whence it came.

## FINDINGS OF FACT

1.      On September 11, 2009, plaintiff filed a breach of contract action in the Circuit Court of Mobile County, Alabama against Continental Casualty

Company, arising out of the defendant's alleged failure and refusal to pay all costs relating to damage to galvanized roofing and siding caused to plaintiff's business from an energy surge experienced on December 7, 2004. (Doc. 1, Exhibit A, COMPLAINT) Plaintiff's first amended complaint, filed September 22, 2009, reads in relevant part as follows:

> 4.     Plaintiff was covered by Continental Casualty Company Policy #1062284901. Said policy insured Plaintiff's business from loss or damage caused by, among other things, as (sic) energy surge causing destruction or damage to galvanized roofing and siding.

> 5.     On or about December 7, 2004, Plaintiff suffered damages due to an energy surge causing destruction or damage to galvanized roofing and siding.

> 6.     Defendant Continental Casualty Company investigated the claim and failed and refused to pay all costs relating to the damages.

> 7.     The denial of said claim was wrongful as the damages claimed are covered under the policy of insurance.

### COUNT I

**BREACH OF CONTRACT**

> Plaintiff[] adopts and realleges those set forth fully herein the allegations of paragraphs 1-7 above.

> 8.     Defendant Continental Casualty Company breached the contract by failing and refusing to pay the damages recoverable thereunder.

2

WHEREFORE, Plaintiff demands compensatory damages in an appropriate amount for the breach of contract.

(Doc. 1, Exhibit A, PLAINTIFF'S FIRST AMENDED COMPLAINT, at ¶¶ 4-8)[1]

2.      In the notice of removal, filed October 13, 2009, Continental Casualty contends that removal is proper based on diversity of citizenship. (*See* Doc.1, at ¶¶ 3-7)

5.

Brewton Iron's Complaint in this action seeks payment under a property insurance contract for alleged damages to galvanized roofing and siding that the Plaintiff contends were caused by an energy surge. In December of 2004, Brewton Iron was affected by a power event occurring where the lines of Alabama Power Company entered its facility. Brewton Iron reported a short circuit of electrical circuitry, and after Continental's investigator determined that Brewton Iron had demonstrated direct damage to property it owned caused by a sudden and accidental breakdown to an insured object, Continental paid Brewton Iron approximately $27,000 for the claim.

6.

In August of 2006, Brewton Iron requested that Continental reopen its file to investigate ongoing corrosion of the sheet metal roofing and siding on Brewton Iron's facility. Brewton Iron alleges that the corrosion has accelerated, and that

---

[1]      The only difference between plaintiff's initial complaint and the amended complaint filed September 22, 2009 is that plaintiff inserted in its amended complaint a demand for trial by jury. (*See* Doc. 1, Exhibit A)

the damage was caused by the 2004 power incident. In 2007, the insurance broker for Brewton Iron claimed that a similar replacement of sheet metal cost $800,000. The parties later obtained quotes from independent vendors for replacement of various parts of the allegedly damaged property. Those quotes were in the amounts of $988,161 and $355,880. Continental has investigated and reviewed reports from engineers retained by both Brewton Iron and Continental, but to date, Continental has not been presented with any evidence of direct damage to covered property caused by a covered cause of loss, as required by the insurance policy at issue, and therefore denied coverage for the additional claims.

7.

The above described action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed to this Court under 28 U.S.C. §§ 1441 and 1446, in that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

(*Id*. at ¶¶ 5-7)

3.     Plaintiff filed its motion to remand on October 22, 2009. (Doc. 7) Therein, plaintiff contends that removal is improper due to the defendant's failure to satisfy its burden of establishing by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs. (Doc. 7, at 1; *see also* Doc. 8, at 1-4) More specifically, plaintiff argues that "[u]nder the newly decided 11th Circuit case of *Lowery v. Alabama Power Company*, 483 F.3d 1184, Continental has

4

not satisfied its preponderance of the evidence burden by establishing that the amount in controversy exceeds $75,000." (Doc. 8, at 3)

4.      In opposition to the motion to remand, the removing defendant contends that it alleged in the removal petition "the facts underlying its assertion that the amount in controversy exceeds the sum or value of $75,000[,]" and, further, "[o]ut of an abundance of caution," was submitting with its response "a declaration from counsel identifying the three documents exchanged during the claim evaluation [process] that provide the basis for [its] assertions – the letter from Brewton Iron's broker and the two quotes for repair or replacement of the property at issue." (Doc. 11, at 3)

> In *Allen v. Toyota Motor Sales, U.S.A.,* 155 Fed.Appx. 480 (11th Cir. 2005), the Eleventh Circuit Court of Appeals provided guidance on when a removing party has established the amount in controversy by a preponderance of the evidence. . . . The Eleventh Circuit held that Toyota established the amount in controversy by a preponderance of the evidence. Toyota attached a specified amount ($66,678.65) to one component of the damage request and set out other components of plaintiffs' claims for damages, allowing the court to determine that there was no question the amount in controversy might well exceed the jurisdictional amount.

> In this case, like in *Allen*, Continental specifically asserted – and has now submitted copies of the letter and repair quotes that support its assertion – of the amount in controversy. These amounts enable the Court to determine by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional requirement.

This case clearly is distinguishable from the cases cited by Plaintiff in its Motion to Remand[, such as] . . . *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007) . . . [and] *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996)[.] . . . Aggregation is not at issue in this case.

.     .     .

There is no attempted comparison to a similar case here. Continental has provided actual figures and documents from the claim. And, contrary to Plaintiff's representation in the Motion for Remand, Continental has not relied "solely" on the assertion that the jurisdictional requirement has been met, but rather has provided the Court with specific facts in its Notice of Removal to establish the amount in controversy by a preponderance of the evidence. These facts have now been confirmed by the actual documents.

This is a lawsuit for breach of contract. . . . This lawsuit does not involve a tort or personal injury requiring the Court to engage in guesswork regarding the value of the claim. Continental has not asked the Court to look to the results, verdicts, or rulings in other purportedly similar lawsuits. The Court need only look to the quotes obtained by the parties to the present lawsuit to determine that the amount in controversy (based on the plaintiff's own claim and upon third-party estimates of the cost of repair or replacement of the allegedly damaged galvanized roofing and siding) is established by a preponderance of the evidence. Notably, Plaintiff has not and will not confirm that its lawsuit seeks less than the jurisdictional requirement.

(*Id.* at 3, 4, 5 & 6-7 (some internal citations omitted))

5.     In reply, plaintiff contends that Continental, by attaching to its

response the letter from Brewton's insurance broker and the vendor quotes to

replace/repair sheet metal roofing and siding, is apparently trying to establish that it has properly removed this action based upon the "other paper" paragraph of 28 U.S.C. § 1446(b). (Doc. 12, at 1; *see also id*. at 2-3)

> The three documents attached to Continental's response motion are clearly documents received which indicate repair/replacement estimates from third parties in regard to electrical damage at plaintiff's facility. Each of these documents are silent as to what dollar portion of these repairs could be covered by the insurance policy in question in this case. Furthermore, the estimates have absolutely nothing to do with the insurance coverage or any breach thereof. In fact, the cost to repair/replace items of work is totally irrelevant to the amount at issue in this case. Nothing in the estimates take into account possible limitations or exclusions in the applicable policy which may have a direct bearing upon the amount in controversy in this case. As such, these estimates in no way held the defendant carry its burden of establishing the jurisdictional amount by a preponderance of the evidence. . . .

> Furthermore, the documents submitted by Continental are not "other papers" as contemplated by 28 U.S.C.A. § 1446(b). . . . The documents attached by Continental to support removal were not formally filed or served upon the parties nor did they serve a formal purpose in this litigation. To the contrary, the documents at issue were created prior to any litigation in this case. As such, these documents are not "other papers" which are to be considered for removal purposes.

(*Id*. at 1-2, 2 & 3)

## **CONCLUSIONS OF LAW**

1.      "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in

federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).[2]  However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

2.    "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *see also Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted) ("[T]he removing party bears the burden of demonstrating federal jurisdiction."); *Tapscott, supra* ("A removing

---

[2]    The parties in this case do not dispute that there is complete diversity of citizenship, leaving only the question of whether the amount in controversy requirement has been satisfied.

defendant has the burden of proving the existence of federal jurisdiction."). When the complaint does not claim a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). A removing defendant cannot satisfy its burden of establishing federal jurisdiction by making "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion[.]" *Id.* at 1319-1320; *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (same); *Anderson v. Lotus Cars USA, Inc.*, 2007 WL 1229105, *2 (M.D. Fla. 2007) ("A conclusory allegation in the notice of removal without setting forth underlying facts supporting such assertion is insufficient to meet the defendant's burden."). More specifically, "the removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Lowery, infra*, 483 F.3d at 1209, quoting *Black's Law Dictionary* 1220 (8th ed. 2004).

9

3.      The removing defendant in this case has failed to establish by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds the $75,000 jurisdictional requirement. This Court's analysis of this issue is necessarily informed by the Eleventh Circuit's decision in *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, ___ U.S. ___, 128 S.Ct. 2877, 171 L.Ed.2d 812 (2008).[3]

> [W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them,

---

[3]      "Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context." *Carswell v. Sears, Roebuck & Co.,* 2007 WL 1697003, at *1 n.1 (M.D. Ala. 2007) (citation omitted); *see also Snead v. AAR Manufacturing, Inc.,* 2009 WL 3242013, at *2 n.1 (M.D. Fla. 2009) (same–complaint alleged violations of the Florida Whistleblower's Act); *Rollo v. Keim,* 2009 WL 1684612, at *2 n.2 (N.D. Fla. 2009) (same–automobile accident case); *Dougherty ± Chavez Architects, P.A. v. Houston Cas. Co.,* 2008 WL 2439667, *2 n.2 (N.D. Fla. 2008) (same–breach of contract case); *Ellis Motor Cars, Inc. v. Westport Ins. Corp*., 2007 WL 1991573, at *1 n.2 (M.D. Ala. 2007) (same–action alleging breach of contract, fraudulent misrepresentation, negligence and wantonness); *see McCollough Enterprises, LLC v. Marvin Windows, Inc.,* 2009 WL 3615044 (S.D. Ala. 2009) (*Lowery* applied to suit alleging state-law causes of action for breach of contract, breach of warranty, and fraud); *Rogantinsky v. Metropolitan Life Ins. Co.,* 2009 WL 3667073 (S.D. Fla. 2009) (*Lowery* applied to breach of contract action); *Fernandez v. American Security Ins. Co.,* 2009 WL 3418254 (M.D. Fla. 2009) (*Lowery* applied in breach of contract case); *Constant v. International House of Pancakes, Inc.,* 487 F.Supp.2d 1308 (N.D. Ala. 2007) (*Lowery* applied in slip and fall case). Therefore, the removing party's suggestion that the analysis set forth in *Lowery* is inapplicable to this case (*see* Doc. 11, at 4 ("This case clearly is distinguishable from the cases cited by Plaintiff in its Motion for Remand [such as] . . . *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007)[.]") need be rejected.

then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

. . .

[U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

. . .

Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff

in an original action facing a motion to dismiss.

*Id*. at 1211, 1213-1215 & 1217 (internal citations and footnotes omitted).

4.      The *Lowery* court also discussed in some detail the two category of cases removable under § 1446(b). *Id*. at 1212 ("Section 1446(b) then answers the question of *when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'"); *see also id*. at 1211 &1213, ns. 62 & 63.

> Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists. Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.

> As we have noted, a removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us–where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its

notice–without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the plaintiff's claims.

To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, . . . the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

*Id*. at 1213 n. 63 (internal citations and most internal quotation marks omitted).

5.      In accordance with *Lowery*, therefore, this Court looks solely to the removing documents to assess the propriety of removal. It is readily discernable that the jurisdictional amount of $75,000 is nowhere clearly stated on the face of the plaintiff's state-court complaint.[4] Moreover, the undersigned recommends that the court find that such an amount is not readily[5] deducible

---

[4]      The removing defendant makes no argument to the contrary.

[5]      Readily means "easily" or "promptly." WEBSTER'S II, NEW RIVERSIDE UNIVERSITY DICTIONARY, at 974 (1994).

13

from the removal documents.[6]

6.     It is Continental's position that, similar to the removing party in *Allen v. Toyota Motor Sales, U.S.A., Inc.,* 155 Fed.Appx. 480 (11th Cir. 2005), it has specifically set forth facts in its notice of removal which enable this Court to determine by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional requirement. (*See* Doc. 11, at 3-4 & 6-7) The undersigned recommends that the Court find the removing party's reliance on this pre-*Lowery* decision unavailing and that the rejection of same establishes the removing party's inability to establish its burden of showing that the amount in controversy satisfies the jurisdictional requirement. The primary distinction between this case and *Allen* is the fact that the notice of removal in *Allen* attached a specified amount ($66,678.65) to one component of the damage request, plaintiffs claiming in their complaint that they were entitled to either a refund of their purchase price (i.e., $66,678.65) or a free

---

[6]     Continental Casualty Company makes no argument that this Court can discern the amount of damages from a contract provision. *See Lowery, supra,* 483 F.3d at 1214 n.66 ("[T]here are some exceptions to the rule that the court is limited to considering the removing documents. A defendant would be free to introduce evidence regarding damages arising from a source such as a contract provision whether or not the defendant received the contract from the plaintiff."). In this regard, Continental did not attach to its notice of removal the policy in question and, therefore, it is clear that damages are not readily discernable from a contract provision. *Cf. Richardson v. Cherokee National Life Ins. Co.,* 2009 WL 1850188, *4 (M.D. Ala. 2009) ("While the claim before the Court is a breach of contract claim, Cherokee does not offer the contract at issue and a calculation of the actual damages at issue assum[ing] the Plaintiffs were to prevail as the *Lowery* case contemplates.").

replacement under Magnuson-Moss, *see id*. at 481 & 482, while the removing

defendant in this case does not similarly attach a specified amount to plaintiff's

damage request.[7] Instead, this Court is left to speculate whether plaintiff is

claiming it is entitled to $335,880, $988,161, or some lesser amount below the

jurisdictional requirement, based upon the allegations in its complaint that

Continental failed to pay all costs relating to damages it suffered due to an

energy surge, on December 7, 2004, "causing destruction or damage to

galvanized roofing and siding[]" (Doc. 1, Exhibit A, PLAINTIFF'S FIRST

AMENDED COMPLAINT, at 1), particularly since the vendor quotes contain

no direct linkage[8] to the December 7, 2004 power surge[9] and given the

---

[7]      Additionally, in *Allen* plaintiffs' jurisdictional challenge arose first on appeal after they had made "representations before trial that no question existed about the district court's jurisdiction[.]" 155 Fed.Appx. at 482. While these distinctions, in and of themselves, satisfy the undersigned that *Allen* is inapplicable to the case at hand, the undersigned also questions whether *Allen* would have been decided in the same manner had it arisen post-*Lowery*.

[8]      The absence of direct linkage to the power surge is important given the removing party's representation that plaintiff informed it that ongoing corrosion of the sheet metal roofing and siding was accelerated by the power incident. (Doc. 1, at ¶ 6) Since ongoing corrosion of sheet metal roofing and siding is not surprising in this climate, it is impossible for the undersigned to find that the vendor estimates tell this Court anything about the value of plaintiff's breach of contract claim in absence of some statement in each of those estimates that the need to repair/replace the sheet metal roofing and siding was caused by the 2004 power surge. In other words, for all this Court knows, the need to repair/replace the sheet metal roofing and siding could simply be the natural consequence of expected corrosion.

[9]      The 2007 letter from plaintiff's insurance broker does nothing to bring the damage claim in this case into clearer focus. The removing defendant points to one of the last sentences of that letter as giving context to the damages claimed in this case because the insurance broker states that "[t]he previous replacement cost of the sheet metal was close to

15

removing party's representations to this Court that it "has not been presented with any evidence of direct damage to covered property caused by a covered cause of loss," (Doc. 1, Notice of Removal, at ¶ 6) and that it "disputes that Plaintiff is entitled to any of [] [the foregoing] amounts[]" (Doc. 11, at 3).[10] Such speculative musings are that which *Lowery* specifically prohibits. *See id.* at 1214-1215 & 1215 ("If that [removal] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . . [T]he existence of jurisdiction should not be divined by looking to the

---

$800,000." (*Compare* Doc. 1, ¶ 6 *with* Doc. 11, Exhibit 1) However, the undersigned cannot find that such statement gives any concrete context to the damages claimed in this case given the immediately preceding sentence that plaintiff is "seeking the replacement of all the sheet metal at our facility that was exposed to the 750KW power surge." (Doc. 11, Exhibit 1) This sentence puts the $800,000 number very much into the speculative sphere because it implies that not all the sheet metal at plaintiff's facility was exposed to the power surge whereas the $800,000 sentence suggests that the previous replacement cost of "all" sheet metal at its facility was close to $800,000. In other words, the facts regarding the cost to plaintiff of its previous replacement of sheet metal tells this Court nothing about the value of plaintiff's breach of contract claim in this case. *Cf. Lowery,* 483 F.3d at 1221 ("Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit."). Certainly, at the very least, this letter does not constitute an "unambiguous statement that clearly establishes federal jurisdiction." *Lowery, supra,* 483 F.3d at 1213 n.63 (citations omitted).

[10]       With these representations, the removing party appears to be taking away with one hand that which it just presented to this Court in the other hand as establishing its basis for subject-matter jurisdiction, thereby seriously testing the limits of its compliance with Rule 11. *Cf. Lowery,* 483 F.3d at 1217 ("[T]he defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally.").

stars."). Needless to say, the undersigned cannot find that "the documents received by the defendant [] contain an ***unambiguous*** statement that clearly establishes federal jurisdiction." *Id*. at 1213 n.63 (emphasis supplied; citations omitted); *see Wood v. Option One Mortgage Corp.,* 580 F.Supp.2d 1248, 1254 (N.D. Ala. 2008) ("'Under § 1446(b), the operative document must unambiguously establish federal jurisdiction.'"). Accordingly, the undersigned recommends that the Court find that Continental Casualty has failed to establish by a preponderance of the evidence the amount in controversy requirement.

7.    While it is not necessary to perform any further analysis in this case, the undersigned nonetheless addresses plaintiff's contention that Continental, by attaching to its response the letter from Brewton's insurance broker and the vendor quotes to replace/repair the sheet metal roofing and siding on its building, is apparently trying to establish that it has properly removed this action based upon the "other paper" paragraph of  28 U.S.C. § 1446(b). Although the undersigned can certainly understand plaintiff's argument in this regard in light of some of the language in *Lowery*, *see* 483 F.3d at 1213 n.63 ("To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of

information in an 'other paper.' This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, . . . the defendant would need an 'other paper' to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith."), and agrees with the plaintiff's ultimate position that none of these documents could constitute "other paper" for purposes of the second paragraph of § 1446(b),[11] it is the undersigned's position that none of this really matters since the notice of removal was filed under the first paragraph

---

[11]     The vendor quotes are clearly not "other paper" both because they were not received from the plaintiff, *see Lowery, supra,* 483 F.3d at 1213 n.63; *Richardson, supra,* at *3 n.5 (M.D. Ala. 2009) ("It has long been recognized in this circuit that 'other paper' must be created through a voluntary act of the plaintiff."), and because they do not fall into the category of documents judicially recognized as "other paper," *Lowery, supra,* at 1212 n.62 ("other paper" includes responses to requests for admission, settlement offers, deposition testimony, demand letters, and emails estimating damages generated by plaintiff's counsel). The August 31, 2007 letter penned by plaintiff's insurance broker, as well, does not constitute an "other paper." Because these documents are not "other paper," as correctly argued by plaintiff, Continental Casualty still has available to it the opportunity to remove this case to this Court upon receipt from the plaintiff (or from the Circuit Court of Mobile County, Alabama, if the document is an order) of qualifying "other paper" which contains an unambiguous statement that clearly establishes federal jurisdiction, provided the case is removed within one year of commencement of the action.  *Compare Lowery*, 483 F.3d at 1213 n.63 *with* 28 U.S.C. § 1446(b).

of § 1446(b) (Doc. 1, at ¶ 9) based upon the defendant's belief that the amount in controversy is readily deducible from the complaint given the factual allegations contained in the removal petition, *cf. Katz v. J.C. Penney Corp., Inc.,* 2009 WL 1532129, *5 (S.D. Fla. 2009) ("Plaintiffs also argue that neither the Affidavit nor the pre-suit demand package is an 'other paper' under the second paragraph of 28 U.S.C. § 1446(b). Plaintiffs' argument confuses the jurisdictional and procedural considerations of removal of state court actions. Since Defendant timely filed the Notice of Removal within 30 days of service of the Complaint, the issue of whether the pre-suit demand package is an 'other paper' for purposes of the second period to file a notice of removal under 28 U.S.C. § 1446(b) is not relevant to the inquiry before this Court.").

8.     In accord with the import of *Lowery*, particularly that unambiguous evidence is necessary to establish that removal is proper, it is recommended that the Court remand this case to state court based upon the removing party's inability to satisfy its burden of proving by a preponderance of the evidence the existence of federal jurisdiction.

## **CONCLUSION**

Continental Casualty Company has not established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000,

exclusive of interest and costs. Accordingly, the undersigned **RECOMMENDS** that the motion to remand this case to the Circuit Court of Mobile County, Alabama (Doc. 7) be **GRANTED**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 19th day of November, 2009.

  s/WILLIAM E. CASSADY                    
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.