# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BREWTON IRON WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-0666-CG-C |
| | ) |
| CONTINENTAL CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 16), defendant's objection thereto (Doc. 22), defendant's memo in support (Doc. 23), defendant's notice of new controlling authority (Doc. 25), and defendant's supplemental brief in support of objection (Doc. 28). The magistrate judge recommended that plaintiff's motion to remand (Doc. 7) be granted. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court disagrees with the magistrate's recommendation and finds that plaintiff's motion to remand should be denied.

On September 11, 2009, plaintiff filed a breach of contract action in the Circuit Court of Mobile County, Alabama, against Continental Casualty Company, arising out of the defendant's alleged failure and refusal to pay all costs relating to damage to galvanized roofing and siding caused to plaintiff's business from an energy surge experienced on December 7, 2004. (Doc. 1-1, Complaint). In the notice of removal,

filed October 13, 2009, Continental Casualty contends that removal is proper based on diversity of citizenship. (Doc. 1, ¶¶ 3-7). The notice of removal includes the following statements relating to the nature of the claim and the amount in controversy:

5.

Brewton Iron's Complaint in this action seeks payment under a property insurance contract for alleged damages to galvanized roofing and siding that the Plaintiff contends were caused by an energy surge. In December of 2004, Brewton Iron was affected by a power event occurring where the lines of Alabama Power Company entered its facility. Brewton Iron reported a short circuit of electrical circuitry, and after Continental's investigator determined that Brewton Iron had demonstrated direct damage to property it owned caused by a sudden and accidental breakdown to an insured object, Continental paid Brewton Iron approximately $27,000 for the claim.

6.

In August of 2006, Brewton Iron requested that Continental reopen its file to investigate ongoing corrosion of the sheet metal roofing and siding on Brewton Iron's facility. Brewton Iron alleges that the corrosion has accelerated, and that the damage was caused by the 2004 power incident. In 2007, the insurance broker for Brewton Iron claimed that a similar replacement of sheet metal cost $800,000. The parties later obtained quotes from independent vendors for replacement of
various parts of the allegedly damaged property. Those quotes were in the amounts of $988,161 and $355,880. Continental has investigated and reviewed reports from engineers retained by both Brewton Iron and Continental, but to date, Continental has not been presented with any evidence of direct damage to covered property caused by a covered cause of loss, as required by the insurance policy at issue, and therefore denied coverage for the additional claims.

7.

The above described action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be

>removed to this Court under 28 U.S.C. §§ 1441 and 1446, in that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

(Doc. 1, ¶¶ 5-7). Plaintiff filed its motion to remand on October 22, 2009 (Doc. 7), contending that removal is improper due to the defendant's failure to satisfy its burden of establishing by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs. (Doc. 7). More specifically, plaintiff argues that "[u]nder the newly decided 11th Circuit case of Lowery v. Alabama Power Company, 483 F.3d 1184, Continental has not satisfied its preponderance of the evidence burden by establishing that the amount in controversy exceeds $75,000." (Doc. 8, p. 3). In opposition to the motion to remand, the removing defendant contends that it alleged in the removal petition "the facts underlying its assertion that the amount in controversy exceeds the sum or value of $75,000[,]" and, further, "[o]ut of an abundance of caution," submits with its response "a declaration from counsel identifying the three documents exchanged during the claim evaluation [process] that provide the basis for [its] assertions – the letter from Brewton Iron's broker and the two quotes for repair or replacement of the property at issue." (Doc. 11, p. 3).

>From the above stated circumstances the magistrate judge reasoned as follows:

>[T]his Court is left to speculate whether plaintiff is claiming it is entitled to $335,880, $988,161, or some lesser amount below the jurisdictional requirement, based upon the allegations in its complaint that Continental failed to pay all costs relating to damages it suffered due to an energy surge, on December 7, 2004, "causing destruction or damage to galvanized roofing and siding[]" (Doc. 1, Exhibit A,

> PLAINTIFF'S FIRST AMENDED COMPLAINT, at 1), particularly since the vendor quotes contain no direct linkage [FN 8 The absence of direct linkage to the power surge is important given the removing party's representation that plaintiff informed it that ongoing corrosion of the sheet metal roofing and siding was accelerated by the power incident. (Doc. 1, at ¶ 6) Since ongoing corrosion of sheet metal roofing and siding is not surprising in this climate, it is impossible for the undersigned to find that the vendor estimates tell this Court anything about the value of plaintiff's breach of contract claim in absence of some statement in each of those estimates that the need to repair/replace the sheet metal roofing and siding was caused by the 2004 power surge. In other words, for all this Court knows, the need to repair/replace the sheet metal roofing and siding could simply be the natural consequence of expected corrosion.] to the December 7, 2004 power surge and given the removing party's representations to this Court that it "has not been presented with any evidence of direct damage to covered property caused by a covered cause of loss," (Doc. 1, Notice of Removal, at ¶ 6) and that it "disputes that Plaintiff is entitled to any of [] [the foregoing] amounts[]" (Doc. 11, at 3) Such speculative musings are that which *Lowery* specifically prohibits. *See id*. at 1214-1215 & 1215 ("If that [removal] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . . [T]he existence of jurisdiction should not be divined by looking to the stars."). Needless to say, the undersigned cannot find that "the documents received by the defendant [] contain an ***unambiguous*** statement that clearly establishes federal jurisdiction." *Id*. at 1213 n.63 (emphasis supplied; citations omitted); *see Wood v. Option One Mortgage Corp.,* 580 F.Supp.2d 1248, 1254 (N.D. Ala. 2008) ("'Under § 1446(b), the operative document must unambiguously establish federal jurisdiction.'"). Accordingly, the undersigned recommends that the Court find that Continental Casualty has failed to establish by a preponderance of the evidence the amount in controversy requirement.

(Doc. 16, pp. 15-17 (emphasis in original) (footnotes 9 and 10 omitted)).

Defendant objects to the Magistrate Judge's recommendation because it fails to recognize the letter and vendor quotes from plaintiff as sufficient evidence of the amount

in controversy, the recommendation evaluates the merits of the claim rather than the amount in controversy and because the recommendation attempts to analyze the ultimate value of the lawsuit instead of the amount in controversy. To support its objection, defendant cites a recent Eleventh Circuit case, <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744 (11th Cir. 2010), which held that "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." <u>Ibid.</u> at 751 (citations omitted). The <u>Pretka</u> Court discussed the application of <u>Lowery</u> and explained that although <u>Lowery</u> precluded the court from simply speculating or guessing the amount in controversy, "<u>Lowery</u> did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible, as some district courts have thought." <u>Pretka</u>, 608 F.3d at 753. The existence of jurisdiction should not be "divined [only] by looking at the stars"; however, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," then the amount in controversy "is not akin to conjecture, speculation, or star gazing." <u>Id.</u> at 753-754 (citations omitted). The <u>Pretka</u> Court further clarified that "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." <u>Id.</u> at 755 (citations omitted). "Defendants may introduce their own affidavits,

5

declarations, or other documentation-provided of course that removal is procedurally proper." Id. (citations omitted).

In light of the Eleventh Circuit's holding in Pretka, the court finds that defendant has met its burden of establishing that the requisite amount in controversy has been met. Plaintiff contends that ongoing corrosion of the sheet metal roofing and siding was caused by a power surge in 2004. Plaintiff alleged in the notice of removal and later submitted documentation that a similar replacement of sheet metal cost $800,000 to repair and that repair quotes for the property allegedly damaged in this case were in the amounts of $988,161 and $335,880. Defendant disputes that there is any direct linkage between the power surge and the ongoing corrosion and, therefore, contends that the damage is not covered by the insurance policy at issue. However, plaintiff's likelihood of success on the merits is irrelevant. All of the evidence indicates that the amount of damage claimed by plaintiff greatly exceeds the $75,000 jurisdictional requirement. A sufficient factual predicate with supporting documents has been presented such that guesswork is not necessary to determine that the requisite amount in controversy has been met. Accordingly, the court finds that the amount in controversy has been met and that plaintiff's motion to remand should be denied.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and

recommendation to which objection is made, the court disagrees with the magistrates recommendation.  Plaintiff's motion to remand (Doc. 7) is hereby **DENIED**.

**DONE and ORDERED** this 26th day of October, 2010.

                                          /s/  Callie V. S. Granade  
                                  UNITED STATES DISTRICT JUDGE